IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAKAYLAH WHITE**, <br><br> *Plaintiff,* <br><br> v. <br><br> **TRANS UNION, LLC, et al.**, <br><br> *Defendants.* | **Case No. 2:22-cv-02653-JDW** |

## MEMORANDUM

Debt collection companies report information to credit reporting agencies for those agencies to use. But the debt collectors don't necessarily care where the reporting agencies are located, nor do they intend to do business where the reporting agencies receive the information. Lakaylah White seeks to hold debt collection companies and credit reporting agencies liable for debt collection efforts against her and credit reports about her. And she does so in Pennsylvania based primarily on the fact that TransUnion LLC has an office in Pennsylvania and receives information here. That might be enough to sue TransUnion, but it's not enough, standing alone, to subject debt collectors to jurisdiction here just because they furnished information to TransUnion. Two debt collectors, Portfolio Recovery Associates, LLC ("PRA") and LVNV Funding, LLC, challenge the Court's personal jurisdiction over them. The Court agrees with them that it lacks personal jurisdiction over them in this case, so it will dismiss the claims against them.

## I. BACKGROUND

### A. Factual Background

PRA is a debt collection company that is incorporated in Delaware, headquartered in Virginia, and operates nationwide. LVNV is a debt collection company incorporated in Delaware, headquartered in South Carolina, that operates nationwide. As debt collectors, they report information to credit reporting agencies ("CRAs"), including TransUnion, which has an office in Delaware County, Pennsylvania.

Ms. White resides in New Jersey. She claims that she suffered financial harm because debt collection companies, including PRA and LVNV, furnished information regarding accounts that someone opened in her name without authorization. She claims that the debt collectors, including PRA and LVNV, did not conduct reasonable investigations before they reported negative information about her to TransUnion and other CRAs.

### B. Procedural Background

Ms. White filed suit on July 7, 2022, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* PRA and LVNV filed motions to dismiss for lack of personal jurisdiction, and those motions are now ripe.

## II.   LEGAL STANDARD

A district court may dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When confronted with a motion to dismiss on this basis, a court must accept all of a plaintiff's factual allegations as true and resolve all factual disputes in the plaintiff's favor. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). However, once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the non-resident defendant. *Id.* It is not sufficient to rely on the pleadings alone. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff demonstrates a *prima facie* case of personal jurisdiction, the burden shifts back to the defendant to establish that the exercise of jurisdiction would be unreasonable. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

## III.  DISCUSSION

### A.   Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment requires that the defendant have "minimum contacts" with the forum state such that exercising personal jurisdiction would "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). Personal jurisdiction can arise under two distinct theories: general jurisdiction and specific jurisdiction. *See Metcalfe*, 566

F.3d at 334. Ms. White alleges similar facts to support arguments for both general and specific jurisdiction but fails to prove either.

### 1.     General jurisdiction

General jurisdiction arises where a party is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotation omitted). The Court can only exercise general jurisdiction over PRA and LVNV if their contacts with Pennsylvania are so systematic and continuous as to render them at home in Pennsylvania. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2007) (quotation omitted). In the case of a corporation, that is generally the company's place of incorporation and/or its principal place of business. *See Daimler*, 571 U.S. at 137.

Neither PRA nor LVNV is incorporated in Pennsylvania, nor does either have its headquarters here. Nor does Ms. White identify any other facts that render either company at home in Pennsylvania. Ms. White argues that each company is at home in Pennsylvania because each has been sued in Pennsylvania numerous times. But a company does not decide where to defend lawsuits, and being haled into court does not render a company at home in a jurisdiction. Ms. White also argues that PRA and LVNV are at home in Pennsylvania because they have regular contacts with TransUnion. But contact with a third party also does not render a company at home in a particular jurisdiction. Ms. White therefore has not shown that either PRA or LVNV is subject to general jurisdiction in Pennsylvania.

### 2. Specific jurisdiction

Specific jurisdiction arises when a party directs its conduct into the forum jurisdiction, and the claims arise from those activities. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). To prove that specific jurisdiction exists, a plaintiff must demonstrate three elements: (a) the defendant "purposefully directed [its] activities" at the forum; (b) the plaintiff's claims "arise out of or relate to" at least one of those activities; and (c) if so, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* at 129-130 (quotations omitted). The threshold inquiry is whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State[.]" *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Physical presence in the forum is not required, "[b]ut what is necessary is a deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd*, 496 F.3d 312, 317 (3d Cir. 2017); *see Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017).

Ms. White has shown that PRA and LVNV direct their activities into Pennsylvania: each collects debts from Pennsylvania residents. But her claims do not arise from those activities. Neither company tried to collect a debt from Ms. White in Pennsylvania, so there is no specific jurisdiction over her FDCPA claim. Nor did either company investigate (or fail to investigate) Ms. White's dispute in Pennsylvania. So there is no personal jurisdiction over the FCRA claim either.

Ms. White argues that specific jurisdiction exists because her claim arises from the same type of conduct in which PRA and LVNV engaged in Pennsylvania. But similarity is not enough. Ms. White has to show that the actual conduct giving rise to her claim targeted Pennsylvania, not just that a defendant targeted Pennsylvania with similar conduct in unrelated matters.

Ms. White also argues that each company targeted Pennsylvania when it reported information about her to TransUnion in Pennsylvania. But neither company targeted Pennsylvania when they transmitted the information. The companies did not control where TransUnion placed its office, and they did not intend that TransUnion would use the information in Pennsylvania. Other courts have reached a similar conclusion, and the Court finds their decisions persuasive. *See, e.g., Harris v. Trans Union, LLC*, 197 F. Supp. 2d 200, 205 (E.D. Pa. 2002); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1266 (11th Cir. 1998). Because Ms. White has not alleged or offered facts that suggest that her claims arise from PRA's or LVNV's contacts with Pennsylvania, the Court lacks specific jurisdiction.

**B.     Transfer**

To support a motion for transfer to cure want of jurisdiction pursuant to 28 U.S.C. § 1631, a plaintiff must make out a *prima facie* case for personal jurisdiction in that forum to show that the case could have been brought there. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107 (3d Cir. 2009). Aside from her residence in the forum, nothing in the record or Ms. White's brief makes out any case for why

personal jurisdiction over PRA or LVNV exists in New Jersey. Ms. White made no analysis under § 1631, nor did she provide any argument supporting a change of venue under 28 U.S.C. § 1404(a). The Court therefore has no basis to transfer her claims to New Jersey or any other court.

## IV.   CONCLUSION

The Court does not have general or specific jurisdiction over PRA or LVNV. The Court will therefore grant each company's Motion to dismiss for lack of personal jurisdiction. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON
United States District Judge

October 11, 2022